
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN - 3 2020

CLERK, U.S. DISTRICT COURT
By_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CLINE STRICKLAND, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-750-A |
| | § | |
| THE BANK OF NEW YORK MELLON, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants The Bank of New York Mellon f/k/a The Bank of New York, as successor trustee to JPMorgan Chase Bank, N.A., successor by merger to Chase Bank of Texas, National Association for Saxon Asset Securities Trust 1999-5, Mortgage Loan Asset Backed Certificates, Series 1999-5 ("BONY"), and PHH Mortgage Corporation d/b/a PHH Mortgage Services, successor by merger to Ocwen Loan Servicing, LLC ("Ocwen"), to dismiss. The court, having considered the motion, the response of plaintiffs, Cline Strickland and Karen Strickland, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiffs' Claims

On July 15, 2019, plaintiffs filed their original petition in the District Court of Parker County, Texas, 415th Judicial

District. Doc.¹ 1. at 1. On September 19, 2019, BONY and Ocwen filed their notice of removal, bringing the case before this court. Id. By order signed October 21, 2019, the court ordered the parties to file amended pleadings in keeping with the Federal Rules of Civil Procedure, Local Civil Rules of this court, and the undersigned's judge-specific requirements. Doc. 14. On November 4, 2019, plaintiffs filed their amended complaint, Doc. 16, which is virtually identical to their original petition. Doc. 1, Ex. C-1.

Plaintiffs allege: Plaintiffs own 33.4 acres of land in Parker County, Texas (the "property"). Doc. 16, ¶ 7. On September 27, 1999, they obtained a $221,000 loan from Excell Mortgage, Incorporated ("Excell"), intended to be secured by a portion of the property. Id. ¶ 8. The portion of the property intended to secure the note was inaccurately described in the deed of trust. Id. ¶ 9. The note and deed of trust were transferred to BONY. Id. ¶ 10. The loan was serviced by Ocwen. Id. ¶ 11. Defendant Fidelity National Title Agency, Inc. ("Fidelity"),² insured title. Id. ¶ 13.

---

¹The "Doc. __" reference is to the number of the item on the docket in this case.

²There is no proof in the record that plaintiffs have ever served Fidelity, which has not entered an appearance. The court specifically pointed out in its order for repleading the need for plaintiffs to serve said defendant. Doc. 14.

Further,

> 14. Defendants have refused to take action to correctly reform the property description in the Deed of Trust in a manner that correctly reflects the parties' intentions at the time the loan was made.
>
> 15. Additionally, Defendants took aggressive collection action in attempting to collect money on a loan that had disputes and issues between the parties on how the loan was secured.
>
> 16. Defendants' actions placed a cloud of title on the Property that made it impossible for Plaintiffs to sell any portion of the property, both the portion that intended to be encumbered with a lien and the portion that was intended to not be encumbered with a lien.
>
> 17. Plaintiffs lost out on sales of the Property or portions of the Property due to the acts and omissions of Defendants.

Doc. 16, ¶¶ 14-17.

Plaintiffs assert claims for violations of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41-63 ("DTPA"), statutory fraud, common law fraud, negligence, gross negligence, negligence *per se*, breach of contract, "dual tracking," violation of the Texas Debt Collection Act, Tex. Fin. Code §§ 392.001-.404 ("TDCA"), violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-17, ("RESPA"), tortious interference with contract, violation of chapter 12 of the Texas Civil Practice and Remedies Code, negligent misrepresentation, violation of the Telephone Consumer Protection Act, and to quiet title/remove cloud on title.

II.

Grounds of the Motion

Movants urge that plaintiffs have failed to state any claim upon which relief can be granted.

III.

Applicable Pleading Standards[3]

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. <u>Twombly</u>, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. <u>See Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide

---

[3] The court pointed out the applicable pleading standards in its order to replead. Doc. 14 at 2 n.3.

4

the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint

5

must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify in its pleading "the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). Rule 9(b) applies to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud. Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex.

6

1998). Statutory claims based on allegations of fraud, such as violations of the Texas Insurance Code, the TDCA, and the Texas DTPA, as well as those for fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b). Motten v. Chase Home Fin., 831 F. Supp. 2d 988, 994 (S.D. Tex. 2011); Berry v. Indianapolis Life Ins. Co., 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009); Frith, 9 F. Supp. 2d at 742.

IV.

Analysis

The elements of a DTPA claim are: (1) the plaintiff is a consumer, (2) defendant violated a specific provision of the DTPA, and (3) the violation was a producing cause of the plaintiff's injury. Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 649 (Tex. 1996). To qualify as a consumer, the plaintiff must seek or acquire goods or services by purchase or lease and the goods or services purchased or leased must form the basis of the complaint. Miller v. BAC Home Loans Servicing, L.P., 726 F.3d 717, 724-25 (5th Cir. 2013). Whether the plaintiff is a consumer is a question of law. Porter v. Countrywide Home Loans, Inc., No. V-07-75, 2008 WL 2944670, at *3 (S.D. Tex. July 24, 2008)(citing Holland Mortgage & Inv. Corp. v. Bone, 751 S.W.2d 515, 517 (Tex. App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.)). Generally, a

7

pure loan transaction lies outside the DTPA because money is not a good or service. Miller, 726 F.3d at 725. Here, plaintiffs have pleaded that they obtained a loan, Doc. 16, ¶ 8. The court infers that they already owned the property as they allege that only part of it was intended to secure the loan. Id. ¶ 9. They have not identified any provision of the DTPA that they allege any defendant violated. Nor have they alleged that such violation was a producing cause of their injuries. Accordingly, the first ground of the motion must be granted.

The TDCA prohibits debt collectors from using threats, coercion, or other wrongful practices in the collection of consumer debts. Gomez v. Wells Fargo Bank, N.A., No. 3:10-CV-381-B, 2010 WL 2900351, at *3 (N.D. Tex. July 21, 2012). To state a claim, the plaintiff must allege that the debt at issue is a consumer debt; the defendant is a debt collector within the meaning of the statute; the defendant violated the TDCA; the wrongful act was committed against the plaintiff; and, the plaintiff was injured as a result. Merely stating that the defendant violated the TDCA is insufficient to survive a motion to dismiss. Franklin v. BAC Home Loans Servicing, L.P., No. 3:10-CV-1174-M, 2011 WL 248445, at *3 (N.D. Tex. Jan. 26, 2011). That is all that plaintiffs have done here.

The elements of a claim for fraud are:(1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, he knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the plaintiff was harmed as a result. Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter, 607 F.3d 1029, 1032-33 (5th Cir. 2010); Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co., 515 S.W.3d 573, 577 (Tex. 2001). Here, plaintiffs have not pleaded any facts to support any of their fraud or fraud-type claims. See Williams v. WMX Techs., Inc., 112 F.3d 175, 179 (5th Cir. 1997)(to satisfy Fed. R. Civ. P. 9(b), plaintiffs must allege the "who, what, when, where, and how"). In addition, the court notes that plaintiffs' statutory fraud claim must fail inasmuch as a loan transaction, even if secured by land, is not considered to come under the statute. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 343 (5th Cir. 2008); Burleson State Bank v. Plunkett, 27 S.W.3d 605, 611 (Tex. App.-Waco 2000, pet. denied).

The elements of a claim for negligence are: (1) the existence of a legal duty, (2) the breach of that duty by the

9

defendant, and (3) damages proximately cause by the breach. Kroger Co. v. Elwood, 197 S.W.3d 793, 794 (Tex. 2006). To establish gross negligence, the plaintiff must also show by clear and convincing evidence that from the defendant's standpoint, the act or omission complained of involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and that the defendant had actual subjective awareness of the risk involved but nevertheless proceeded in conscious indifference to the rights or safety of others. Lee Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 785 (Tex. 2001). Here, among other deficiencies, plaintiffs have not pleaded facts that would support the existence of a legal duty owed by defendants. In the mortgage context, there is no special relationship between mortgagor and mortgagee, or between servicer and borrower, that would impose a legal duty. Milton v. U.S. Bank, N.A., 508 F. App'x 326, 329 (5th Cir. 2013); Miller v. CitiMortgage, Inc., 970 F. Supp. 2d 568, 585 (N.D. Tex. 2013).

The elements of a claim for negligence per se are (1) the defendant's act or omission is in violation of a statute or ordinance; (2) the plaintiff was within the class of persons the statute was designed to protect; and (3) the defendant's act or omission proximately caused the plaintiff's injury. Ybarra v. Ameripro Funding, Inc., No. 01-17-000224-CV, 2018 WL 2976126, at

*9 (Tex. App.–Houston [1st Dist.] June 14, 2018, pet. denied). Here, plaintiffs have not pleaded any facts to establish negligence per se. In particular, they have not alleged facts to show any statutory violation by any defendant.

To state a claim for breach of contract, the plaintiff must allege (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) resulting damages to the plaintiff. Lewis v. Bank of Am., N.A., 343 F.3d 540, 544-45 (5th Cir. 2003). Here, plaintiffs do not allege the existence of a contract between them and any defendant. Nor do they allege performance by them, assuming there was a contract.[4] And, they have not identified any specific provision of any alleged contract that was breached. Williams v. Wells Fargo Bank, N.A., 560 F. App'x 233, 238 (5th Cir. 2014); Baker v. Great N. Energy, Inc., 64 F. Supp. 3d 965, 971 (N.D. Tex. 2014).

In the most cursory manner, plaintiffs refer to "dual tracking," Doc. 16 at 6, and violation of RESPA. Id. "Dual tracking" is the term given to the situation where the lender actively pursues foreclosure while simultaneously considering the borrower for loss mitigation options. Gresham v. Wells Fargo Bank, N.A., 642 F. App'x 355, 359 (5th Cir. 2016). But, the "dual

---

[4]In fact, it appears that plaintiffs breached the only contract they have identified by failing to make the required mortgage payments, since they have referred to foreclosure proceedings.

11

tracking" prohibition applies only when a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale. Id. Here, plaintiffs fail to plead any facts to show that any defendant violated this provision or any other part of RESPA.

Plaintiffs allege that defendants tortiously interfered with contracts they were attempting to enter into with potential buyers of their property. Doc. 16, ¶ 44. That is the sum total of the allegations pertinent to this alleged cause of action. Plaintiffs do not identify any potential buyers, any potential contracts, or plead that any defendant was aware of such potential contract, or how they were injured. See PrevMED, Inc. v. MNM-1997, Inc., No. H-15-2856, 2017 WL 785656, at *6 (S.D. Tex. Feb. 28, 2017)(setting forth elements of tortious interference).

Plaintiffs next reference Chapter 12 of the Texas Civil Practice and Remedies Code, Doc. 16 at 6-7, which pertains to liability related to fraudulent records. To prevail on such a claim, the plaintiff must show that (1) the defendant made, presented, or used a document with knowledge it was a fraudulent lien; (2) the defendant intended that the document be given legal effect; and, (3) the defendant intended to cause the plaintiff physical or financial injury or mental anguish. Lassberg v.

Barrett Daffin Frappier Turner & Engel, L.L.P., No. 4:13-CV-577, 2015 WL 123756, at *5 (E.D. Tex. Jan. 8, 2015). Plaintiffs do not plead facts to support any of these elements. Dismissal is appropriate. Id.; Jolem, L.L.C. v. Select Portfolio Servicing, Inc., No. H-14-3301, 2015 WL 3823642, at *9 (S.D. Tex. June 18, 2015).

To state a claim for negligent misrepresentation, the plaintiff must establish that: (1) the defendant made a representation in the course of his business, or in a transaction in which he had pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. Chance v. Aurora Loan Servs., L.L.C., No. 3:11-CV-1237-BH, 2012 WL 912939, *5 (N.D. Tex. Mar. 19, 2005). The false information complained of must be a misstatement of an existing fact rather than a promise of future conduct. Id.; DeFranceschi v. Wells Fargo Bank, N.A., 837 F. Supp. 2d 616, 625-26 (N.D. Tex. 2011). Damages are limited to pecuniary loss alone. Federal Land Bank Ass'n v. Sloane, 825 S.W.2d 439, 442-43 (Tex. 1991). Again, plaintiffs have not pleaded any facts to support such a cause of action.

Plaintiffs further mention the "Telephone Consumer Protections Act" without citing to any statute, federal or state, or identifying any facts to support such a cause of action. Doc. 16 at 7-8. They have not alleged any such claim.

Finally, plaintiffs refer to "quiet title/remove cloud on title," again without alleging any facts to support such a claim for relief. Doc. 16 at 8. A suit to quiet title is an equitable action to clear a valid title against a defendant's invalid claim to the property. Puente v. CitiMortgage, Inc., No. 3:11-CV-2509-N, 2012 WL 4335997, *3 (N.D. Tex. Aug. 29, 2012). Plaintiffs must prove and recover on the strength of their own title, not the weakness of their adversary's. Id.; Summers v. PennyMac Corp., No. 3:12-CV-01235-L, 2012 WL 5944943, *3 (N.D. Tex. Nov. 28, 2012); Fricks v. Hancock, 45 S.W.3d 322, 327 (Tex. App.–Corpus Christi 2001, no pet.). Here, plaintiffs have not pleaded any facts to show that they have superior title. See, e.g., Warren v. Bank of Am., N.A., 566 F. App'x 379, 382 (5th Cir. 2014)(plaintiff can show superior right to property such as by pleading he was current on his mortgage payments).[5]

In sum, plaintiffs have made nothing more than bare legal conclusions unsupported by any factual underpinnings. Ashcroft,

---

[5] It does not appear that plaintiffs could do so in this case as they allege that defendant Ocwen pursued foreclosure of the lien. Doc. 16, ¶ 38.

14

556 U.S. at 679. For all of the reasons discussed herein and numerous other reasons pointed out in the motion to dismiss, plaintiffs have failed to plead any plausible right to relief against any defendant and their claims must be dismissed.

V.

### Request for Leave to Amend Response

Along with their response to the motion to dismiss, plaintiffs filed a second motion for leave to file amended response.[6] Doc. 23. The court finds that such motion should be denied. Plaintiffs have had ample time and opportunity to properly plead their claims. Despite having been warned to comply with the applicable federal rules, they chose to file an amended complaint that made the same conclusory allegations as their original petition. The facts upon which any claims could be based are, and have always been, within plaintiffs' personal knowledge. Giving plaintiffs additional time to retain an attorney and to file an amended response to the motion to dismiss would not serve any purpose as their pleading is wholly deficient. Further, the time for amending plaintiffs' complaint to state a claim is long passed.

---

[6]The court previously granted plaintiffs an extension of time in which to file their response to the motion to dismiss. Doc. 22.

V.

Order

The court ORDERS that the motion to dismiss be, and is hereby, granted, and that plaintiffs' claims against all defendants[7] be, and are hereby, dismissed with prejudice.

SIGNED January 3, 2020.

JOHN McBRYDE
United States District Judge

---

[7]As stated, the record does not reflect that plaintiffs ever served Fidelity. For the same reasons discussed in this memorandum opinion and order, they have not stated any viable claims against Fidelity. Accordingly, the court is ordering that the claims against it also be dismissed.